IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

No. 4:09-CR-26-FL
No. 4:13-CV-122-FL

MARVIN EARL DANIELS,              )
                                  )
            Petitioner,           )
                                  )
        v.                        )           **ORDER**
                                  )
UNITED STATES OF AMERICA,         )
                                  )
            Respondent.           )

This matter comes before the court on petitioner's February 7, 2014, motion for

reconsideration (DE 51), asking the court to reconsider its February 6, 2014, order dismissing

petitioner's motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. The

government responded in opposition, and this matter is ripe for ruling. As the motion was filed

within 28 day of the court's judgment, the court considers the motion to reconsider under the

standard applicable to motions to alter or amend a judgment under Federal Rule of Civil Procedure

59(e). See United States v. Winestock, 340 F.3d 200, 203 n. 1 (4th Cir. 2003) (distinguishing

motions under Rule 60(b), which must in some circumstances be converted to § 2255 motions, from

motions under Rule 59(e)).

The decision whether to alter or amend a judgment pursuant to Rule 59(e) is within the sound

discretion of the district court. See Bogart v. Chapell, 396 F.3d 548, 555 (4th Cir. 2005); Hughes

v. Bedsole, 48 F.3d 1376, 1382 (4th Cir. 1995). The Fourth Circuit has recognized three reasons

for granting a motion to alter or amend a judgment under Rule 59(e): (1) to accommodate an

intervening change in controlling law; (2) to account for the availability of new evidence not

previously available; or (3) to correct a clear error of law or prevent manifest injustice. See, e.g., Zinkand v. Brown, 478 F.3d 634, 637 (4th Cir. 2007). "A Rule 59(e) motion is not intended to allow for re-argument of the very issues that the court has previously decided," DeLong v. Thomas, 790 F. Supp. 594, 618 (E.D. Va. 1991), aff'd, 985 F.2d 553 (4th Cir. 1993), and is not "intended to give an unhappy litigant one additional chance to sway the judge." Durkin v. Taylor, 444 F. Supp. 879, 889 (E.D. Va. 1977).

Petitioner fails to demonstrate an intervening change in controlling law, to present new evidence previously not available, or to show a clear error of law that would support granting his Rule 59(e) motion. Indeed, the motion for reconsideration does not address the basis for dismissal relied upon by the court in its February 6, 2014, order. In particular, the court determined that petitioner's § 2255 motion based on United States v. Simmons, 649 F.3d 237, 239 (4th Cir. 2011) (en banc), was untimely, and equitable tolling did not apply because petitioner was not diligent in seeking relief after Simmons, where petitioner filed his § 2255 motion more than one year after Simmons. Because the motion for reconsideration does not address this basis for the court's ruling, reconsideration is not warranted.

Moreover, recent Fourth Circuit developments have not undermined, but rather supported, the court's decision in this case. See United States v. Jones, ___ F.3d ___, 12-7675, 2014 WL 3397758 *4 (4th Cir. July 14, 2014) (holding that actual innocence of a sentencing enhancement does not support equitable tolling of the 1-year limitation period in § 2255(f)(4)); cf. Whiteside v. United States, 748 F.3d 541, 546 (4th Cir. 2014) (applying equitable tolling on the basis of an erroneous career offender enhancement where the petitioner "pursued his rights diligently by filing his motion within a year of our decision in Simmons"), vacated and reh'g en banc granted 2014 WL

3377981 (July 10, 2014).

Finally, in addition to being untimely, the § 2255 petition is without merit. Petitioner's sentence was enhanced under the Armed Career Criminal Act (ACCA), which imposes a minimum sentence of fifteen years if a defendant has three prior convictions for "serious drug offense[s]" or "violent felon[ies]." 18 U.S.C. § 924(e)(1). Relying on Simmons, petitioner argues that two prior drug convictions in 1992, for which petitioner faced a presumptive maximum sentence of three years each under North Carolina Fair Sentencing Act of 1981, did not qualify as "serious drug offense[s]" for purposes of the ACCA enhancement. The term "serious drug offense" means, in pertinent part, a drug offense under state law "for which a maximum term of imprisonment of ten years or more is prescribed by law." § 924(e)(2)(A).

In Simmons, the court construed a provision of the Controlled Substances Act that mandates a term of imprisonment of at least ten years for offenders who engage in offense conduct "after a prior conviction for a felony drug offense," defined in the statute as a drug-related "offense that is punishable by imprisonment for more than one year under any law . . . of a State." Simmons, 649 F.3d at 239 (4th Cir. 2011) (en banc) (quoting 21 U.S.C. § 841(b)(1)(B)(vii) and § 802(44)). The ACCA includes similar language in defining a "violent felony," which includes certain offenses "punishable by imprisonment for a term exceeding one year," § 924(e)(2)(B), but the ACCA uses different language, as noted above, in defining "serious drug offense." See § 924(e)(2)(A). Thus, the holding in Simmons, which turned on analysis of the statutory phrase "punishable by imprisonment for more than one year under any law," is not applicable to whether petitioner's 1987 conviction meets the statutory definition of "serious drug offense," "for which a maximum term of imprisonment of ten years or more is prescribed by law." § 924(e)(2)(A).

3

In addressing ACCA enhancements based upon serious drug offenses, the Supreme Court and the Fourth Circuit have not required consideration whether a particular defendant in light of a presumptive range of imprisonment was subject to a particular maximum term of imprisonment for a North Carolina Fair Sentencing Act conviction.   For example, in McNeill v. United States, 131 S.Ct. 2218 (2011), the Supreme Court addressed a defendant's challenge to designation as an armed career criminal based on North Carolina drug offenses committed between 1991 and 1994.  The Supreme Court held that under the North Carolina Fair Sentencing Act, the defendant's convictions carried a "maximum sentence [of] . . . 10 years in prison," and, therefore, were "'serious drug offenses' within the meaning of the ACCA." McNeill, 131 S.Ct. at 2224.[1]

In United States v. Montford, 458 Fed. Appx. 300 (4th Cir. 2011), the Fourth Circuit affirmed a sentence under the ACCA, based on North Carolina drug convictions under the Fair Sentencing Act, where a defendant received eight-year prison terms.  The court did not look to the underlying judgments to determine whether the sentencing court had made requisite findings of aggravating factors or whether the defendant's sentences were pursuant to a plea agreement. Instead, citing McNeill, the court recognized "for purposes of determining whether a prior state drug-trafficking conviction qualifies as a serious drug offense for armed career criminal purposes, the 'maximum term of imprisonment' for a defendant's prior state drug offense is the maximum sentence applicable to his offense when he was convicted of it." Montford, 458 Fed. Appx. at 302 (quoting McNeill, 131 S.Ct. at 2220).  Montford thus suggests that the reasoning in Simmons does not apply to the qualification of a serious drug offense for purposes of the ACCA.

---

[1] In McNeill, the defendant "in fact received 10-year sentences" for his drug convictions.  Thus, McNeill does not squarely address the issue presented here, whether the court must consider maximum term of imprisonment that a particular defendant faced, where he in fact received a sentence under the statutory maximum, following a guilty plea.

In light of the difference in statutory language between the definition of "violent felony" and "serious drug offense," coupled with the limitation of analysis in <u>Simmons</u> to the term "punishable by imprisonment for more than one year," the ten-year statutory maximum penalty, which is proscribed under North Carolina law for petitioner's 1992 felony drug convictions, rather than the presumptive range asserted by petitioner, is determinative in concluding that petitioner's convictions qualify as a "serious drug offenses" under the ACCA. Therefore, petitioner's challenge to his ACCA sentencing enhancement is without merit.

## CONCLUSION

Based on the foregoing, petitioner's motion for reconsideration is DENIED.

SO ORDERED, this 22nd day of July, 2014.

_____
LOUISE W. FLANAGAN
United States District Judge

5